UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| UNITED GUAR. COMM. INS., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 16-90-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| SUSAN M. DESPOT, | ) | **ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court to consider the response filed by defendant Susan Despot to the Court's June 1, 2016, Show Cause Order. [R. 5] In that Order, the Court directed Despot to pay the $400.00 in filing and administrative fees and to show cause why this action should not be remanded to the Circuit Court of Kenton County, Kentucky as improvidently removed. [R. 4]

In response, Despot asks the Court to either hold this case in abeyance, or in the alternative to transfer the case to the United States District Court for the Western District of Pennsylvania, because she claims the same student loans at issue in this case are also at issue in a separate federal case filed by her father David Despot in Pennsylvania. [R. 5 at p. 2, 3] However, the premise for both requests is false. Neither Susan Despot nor plaintiff United Guaranty Commercial Insurance ("UGCI") are parties to that proceeding. After UGCI filed suit against Susan Despot in Kenton Circuit Court to collect upon the student loans, David Despot attempted to add claims against UGCI based upon the student loan agreement with Susan Despot; however, the Pennsylvania federal court promptly dismissed those claims because David Despot lacked standing to assert them. *Despot v. Allied Interstate*, No. 2: 15-CV-15-NBF (W.D. Penn. 2015) [R. 251, 265, 319 therein]

1

Despot alternatively requests that the Court order the parties to arbitration pursuant to provisions in the student loan agreements and dismiss the action with prejudice. [R. 5 at p. 3] This request simply ignores the jurisdictional defects noted by the Court in its Show Cause Order, including the absence of federal question jurisdiction to support removal and the untimeliness of the Notice of Removal itself. [R. 4 at p. 4 (citing *Chase Manhattan Mtg. Corp. v. Despot*, 507 F. 3d 910, 914 (6th Cir. 2007) and 28 U.S.C. § 1446(b)(3))] Having reviewed the response filed, the Court concludes that it lacks subject matter jurisdiction over this action, and that it was improperly removed. Accordingly, the Court will remand this action to the Kenton Circuit Court pursuant to 28 U.S.C. § 1447(c).

Despot also asks the Court to waive payment of the filing and administrative fees because her father David Despot paid the $400 in required fees for the federal case he filed in Pennsylvania, and because she contends the cases are related. [R. 5 at p. 3] This request must be denied. The fees required by 28 U.S.C. § 1914 are imposed for the filing or removal of a case in federal court, and its relatedness to a separate federal proceeding is simply not relevant. Within fourteen days, Despot must therefore either pay the $400.00 in required fees, or file an appropriate motion and obtain the Court permission to proceed *in forma pauperis*. Despot remains liable for payment of (or obtaining the waiver of) the required fees even though the Court will dismiss the case from its docket. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility."), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

Finally, either before or after an appeal is taken the district court may certify that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). There are two reasons to

issue such a certification in this case. First, apart from two statutory exceptions not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise…" 28 U.S.C. § 1447(d). The Sixth Circuit has held that in addition to the statutory exceptions, the bar to appellate review of the remand order does not apply where the district court initially possessed subject matter jurisdiction upon removal but determined remand was necessary because post-removal events deprived it of jurisdiction. Cf. *First Nat'l Bank of Pulaski v. Curry*, 301 F. 3d 456, 460 (6th Cir. 2002). Because that judicial exception does not apply here, no appeal is available to review the order of remand, and any attempt to invoke the Sixth Circuit's appellate jurisdiction would be frivolous or done for the improper purpose of creating further delay. Second, even if appellate review were available, there is no non-frivolous claim of error for Despot to assert. When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here there is no plausible basis to assert a federal question as grounds for removal. The Court will therefore certify that any appeal is not taken in good faith. As a result, should Despot file a notice of appeal, she will be required to prepay the $505.00 appellate filing fee.

Accordingly, **IT IS ORDERED** that:

1. Within fourteen (14) days, defendant Susan Despot shall **PAY** the $400.00 in required filing and administrative fees or **FILE** a motion to proceed *in forma pauperis* on a fully-completed Form EDKY 519, which may be obtained from the Clerk's Office.

2. This action is **REMANDED** to the Circuit Court of Kenton County, Kentucky as improvidently removed.

3. The Clerk of the Court shall mail a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of Kenton County, Kentucky, referencing its case number 16-CI-00127.

4. The Court **CERTIFIES** that any appeal would not be taken in good faith.

5. This matter is **STRICKEN** from the active docket of the Court.

This 17th day of June, 2016.

Signed By:
*William O. Bertelsman* WOB
United States District Judge